UNITED STATES of America, Plaintiff-Appellee,

v.

Delroy Thomas DAVIDSON, Defendant-Appellant.

No. 84–3836.

United States Court of Appeals, Eleventh Circuit.

Aug. 16, 1985.

Rehearing and Rehearing En Banc Denied Sept. 26, 1985.

---

Bruce A. Zimet, Karen M. Zann, Ft. Lauderdale, Fla., for defendant-appellant.

**1268**

Paul J. Moriarty, Asst. U.S. Atty., Orlando, Fla., for plaintiff-appellee.

Before HILL and ANDERSON, Circuit Judges, and GARZA *, Senior Circuit Judge.

JAMES C. HILL, Circuit Judge:

Appellant Davidson was convicted by a jury of possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1). His primary argument on appeal challenges the district court's denial of his motion to suppress certain oral statements without holding a *Jackson v. Denno* evidentiary hearing on the voluntariness of those statements. We affirm the conviction, finding no reversible error.

## FACTS

At approximately 6:00 a.m. on July 23, 1984, a "Sonya Williams" attempted to purchase a one-way ticket to LaGuardia Airport at the Piedmont Airlines ticket counter in the Orlando International Airport. When the ticket agent requested that Ms. "Williams" provide identification, Ms. "Williams" departed the ticket counter and abandoned her two suitcases. The ticket agent became suspicious and reported the encounter to the police, who contacted the Drug Enforcement Administration. DEA agents Porro and Wong arranged for a drug-sniffing dog to be brought to the airport. When the agents obtained a positive indication on the suitcases, Agent Porro obtained a search warrant and executed it at 3:00 p.m. that afternoon. The suitcases were found to contain approximately 60 pounds of marijuana. Agent Porro placed two handfuls of the marijuana back into the suitcases and filled the remainder of the suitcases with concrete blocks, newspapers, and blankets so that the weight of the suitcases would appear to be about the same as it had been previously. The suit-

cases were then placed against a wall near the Piedmont ticket counter.

At approximately 5:15 p.m. appellant Davidson arrived and picked up the suitcases. Agent Wong heard Davidson tell the Piedmont ticket agent that he was there to pick up some luggage for his sister who had been involved in an accident. Agent Porro then overheard a portion of a telephone call made by Davidson, in which he stated, "It is going great so far. I've got the suitcases." Davidson then walked to an Eastern Airlines ticket counter and remained there for a moment before proceeding to the Pan Am ticket counter, where he purchased a one-way cash ticket to Miami. He then returned to the suitcases and placed Pan Am baggage stickers on them.

At this point, the two DEA agents approached Davidson. Agent Porro testified that they identified themselves as narcotics agents and asked Davidson if he would speak to them for a moment, advising him that any conversation was voluntary. Agent Wong's testimony was similar, except that he testified he heard Porro tell Davidson that their conversation was voluntary but that the agents had executed a search warrant on the suitcases and knew marijuana was inside. Pursuant to Porro's request, appellant produced his airline ticket and a New York driver's license. Agent Porro then asked Davidson three times for his consent to open the suitcases, but each time Davidson refused. When appellant refused to give consent to open the suitcases for the third time, Porro informed him that the conversation was no longer voluntary, placed him under arrest, and advised him of his *Miranda* rights.

Appellant was escorted to the airport police station, where he was interviewed by Agent Wong. Since Wong was present when Porro had initially advised appellant of his *Miranda* rights, Wong asked appellant if he understood his rights. According to Wong, Davidson stated that "if speaking

---

* Honorable Reynaldo G. Garza, U.S. Circuit Judge for the Fifth Circuit, sitting by designation.

to me [Wong] would help him, then he wouldn't mind talking to me [Wong]." Wong testified that he then advised Davidson that "we couldn't promise him anything; that if he did cooperate with substantial assistance, that the United States Attorney could recommend something at his sentencing for the assistance." Davidson then described his involvement in the affair to Agent Wong, admitting his knowledge that there was marijuana in the suitcases. No taped or written statement was taken, and the substance of the confession introduced at trial was based on the memory and testimony of Wong.

Appellant was charged with one count of possession with intent to distribute marijuana. On September 7, 1984, defendant filed a pretrial motion to suppress the oral statements made to the DEA agents on the grounds that: (1) the initial, pre-arrest statements were made without benefit of *Miranda* warnings; (2) the confession made to Agent Wong in the airport police station after formal arrest constituted an inadmissible statement made in connection with plea negotiations pursuant to Fed.R. Crim.P. 11(e)(6); and (3) none of the statements resulted from a knowing and voluntary waiver of defendant's fifth amendment rights. The district court denied the motion without an evidentiary hearing and without any specific findings.

On October 1, 1984, appellant filed a motion and memorandum of law requesting an evidentiary hearing on the motion to suppress in order to determine the voluntariness of his oral statements. The district court summarily denied the motion on the same day. Prior to the introduction of the statements at trial through the DEA agents' testimony, defendant again moved for a hearing. The district court again denied this motion. Finally, at the close of the government's case, defendant once more moved for a hearing on the voluntariness issue, which was again denied. The jury found appellant guilty as charged, and he was sentenced to four years incarceration.

## DISCUSSION

Appellant raises the following five issues on this appeal:

(1) that the district court erred in denying his motion to suppress his oral statements without an evidentiary hearing;

(2) that the evidence was insufficient to support his conviction for possession with intent to distribute since the amount of marijuana in his possession was not a distribution quantity;

(3) that the district court erred in refusing one of his requested jury instructions;

(4) that the prosecutor impermissibly commented upon his failure to testify; and

(5) that the district court erred in failing to strike testimony regarding his refusal to consent to the opening of his suitcases.

Only the first issue merits any degree of discussion.

### A. *Failure to Hold Evidentiary Hearing on Voluntariness of Confession*

The appellant contends that the district court erred in denying the motion to suppress his oral statements, made to the DEA agents, without holding a *Jackson v. Denno* evidentiary hearing to determine the voluntariness of those statements. The statements alleged to be involuntary fall into two categories: appellant's allegedly incriminating statements made in response to the DEA agents' initial questioning in the airport before appellant was arrested and informed of his *Miranda* rights; and the confession made to Agent Wong after appellant had been arrested and given his *Miranda* warnings.

An accused is deprived of due process if his conviction rests wholly or partially upon an involuntary confession, even if the statement is true, and even if there is ample independent evidence of guilt. *Jackson v. Denno,* 378 U.S. 368, 376, 84 S.Ct. 1774, 1780, 12 L.Ed.2d 908 (1964); *Martinez v. Estelle,* 612 F.2d 173, 176–77 (5th Cir.1980). In view of this, the Supreme Court in *Jackson v. Denno* held

that a defendant has a constitutional right to a fair hearing and an independent and reliable determination of the voluntariness of a confession before the confession is allowed to be heard by the guilt determining jury.[1] *Jackson,* 378 U.S. at 376–77, 84 S.Ct. at 1780–81; *see Martinez,* 612 F.2d at 177. Such a *Jackson v. Denno* hearing is constitutionally mandated for a defendant who timely urges that his confession is inadmissible because not voluntarily given. *Smith v. Estelle,* 527 F.2d 430, 431 n. 3 (5th Cir.1976). The voluntariness hearing "must afford the defendant an opportunity to testify regarding the inculpatory statement out of the jury's presence without prejudice to his right not to take the stand in his defense." *Jarrell v. Balkcom,* 735 F.2d 1242, 1252–53 (11th Cir.1984). Finally, a judge's conclusion that the confession is voluntary "must appear from the record with unmistakeable clarity." *Sims v. Georgia,* 385 U.S. 538, 544, 87 S.Ct. 639, 643, 17 L.Ed.2d 593 (1967).

■ The proper remedy for erroneously failing to hold a *Jackson v. Denno* hearing is to remand to the trial court for a post-trial hearing on the issue of voluntariness: if the confession is found voluntary, the conviction stands; if the confession is found to be involuntary the accused is entitled to a new trial without the confession's being admitted in evidence. *Jackson,* 378 U.S. at 394, 84 S.Ct. at 1790; *Martinez,* 612 F.2d at 177. However, an appellant is not entitled to this remedy unless he can show "that his version of events, if true, would require the conclusion that his confession was involuntary;" *i.e.,* he must allege *facts* which would, if proven true, indicate the

involuntariness of his confession. *Procunier v. Atchley,* 400 U.S. 446, 451, 91 S.Ct. 485, 488, 27 L.Ed.2d 524 (1971); *Martinez,* 612 F.2d at 180.

■ We initially dispose of the parties' arguments regarding Rule 11(e)(6), Fed.R. Crim.P., which deals with the admissibility of statements made in plea negotiations.[2] Appellant maintains that his confession to Agent Wong was made as part of plea negotiations with Wong, and that such statements are *per se* inadmissible under Rule 11(e)(6). We disagree. The purpose of Rule 11(e)(6) "is to permit the unrestrained candor which produces effective plea discussions between the 'attorney for the government and the attorney for the defendant or the defendant when acting pro se;'" the Rule does not attempt to deal with "confrontations between suspects and law enforcement agents, which involve problems of quite different dimensions." Fed.R.Crim.P. 11(e)(6) advisory committee note (1979 amendment). Therefore, the automatic exclusion rule of Rule 11(e)(6) "does not extend to statements made to law enforcement agents, as distinguished from government counsel." *United States v. Ceballos,* 706 F.2d 1198, 1203 (11th Cir. 1983). To the extent that *United States v. Herman,* 544 F.2d 791 (5th Cir.1977), relied upon by appellant, holds differently, it is no longer viable. *See Ceballos,* 706 F.2d at 1203.

However, the fact that appellant's confession was not an inadmissible product of plea negotiations does not mandate the conclusion, argued by the government, that the lack of a *Jackson v. Denno* hearing

---

**1.** 18 U.S.C. § 3501(a) codifies the *Jackson v. Denno* requirement for criminal prosecutions brought by the United States. That section provides that before a confession or self-incriminating statement is received in evidence "the trial judge shall, out of the presence of the jury, determine any issue as to voluntariness."

**2.** Rule 11(e)(6) provides that:

Except as otherwise provided in this paragraph, evidence of the following is not, in any civil or criminal proceeding, admissible against the defendant who made the plea or was a participant in the plea discussions:

(A) a plea of guilty which was later withdrawn;

(B) a plea of nolo contendere;

(C) any statement made in the course of any proceedings under this rule regarding either of the foregoing pleas; or

(D) any statement made in the course of plea discussions with an attorney for the government which do not result in a plea of guilty or which result in a plea of guilty later withdrawn....

Rule 410, Fed.R.Evid., provides the comparable evidentiary rule.

was harmless error in the present case. A defendant may still assert that his confession was involuntary in that his statements were induced or coerced by the promises of law enforcement officials. *United States v. Watson*, 591 F.2d 1058, 1061 n. 2 (5th Cir.), *cert. denied*, 441 U.S. 965, 99 S.Ct. 2414, 60 L.Ed.2d 1070 (1979); *United States v. Robertson*, 582 F.2d 1356, 1361–63 and n. 14 (5th Cir.1978) (en banc).

■ We agree with the appellant that the district court erred in failing to hold a *Jackson v. Denno* hearing to determine the voluntariness of his statements. Such a hearing consumes little time and should be held whenever a defendant alleges facts indicating that his self-incriminating statements were obtained involuntarily. In the present case, appellant's motion to suppress alleged that his confession was involuntary in that it resulted from conversations with the DEA agents regarding "potential cooperation" and "potential disposition" of his case. The government's response stated only that the confession was made after appellant voluntarily waived his right to remain silent. This presented a factual issue as to voluntariness. The district judge should have held a hearing, either pre-trial or at trial before Agent Wong testified, out of the presence of the jury, in which both appellant and Wong could have testified as to what transpired at the post-arrest questioning. Since the district court erred in failing to hold such a hearing in the present case, we are faced with the remaining issue of whether appellant has alleged a version of events which, if true, would require the conclusion that his confession was involuntary and thus entitle him to post-trial relief.

■ A statement made by a law enforcement agent to an accused that the accused's cooperation would be passed on to judicial authorities and would probably be helpful to him is not a sufficient inducement so as to render a subsequent incriminating statement involuntary. *United States v. Ballard*, 586 F.2d 1060, 1063 (5th Cir.1978); *see Martinez*, 612 F.2d at 180; *United States v. Hernandez*, 574 F.2d

1362, 1370 n. 14 (5th Cir.1978); *Robertson*, 582 F.2d at 1361–63 and n. 14. Likewise, a "truthful and noncoercive statement of the possible penalties which an accused faces" may be given to the accused without leading to an involuntary statement. *Ballard*, 586 F.2d at 1063.

■ With respect to appellant's post-arrest confession, Agent Wong testified that he advised appellant that he couldn't promise anything, but that if appellant did cooperate with substantial assistance the U.S. Attorney could recommend a shorter sentence. This in itself did not render appellant's subsequent confession involuntary. Therefore, in order to be entitled to a post-arrest hearing on voluntariness appellant must have proffered facts contrary to or in addition to Agent Wong's testimony which, if proven true, would make the confession involuntary.

In his motion to suppress filed with the district court, appellant alleged that he and the law enforcement officers "engaged in a conversation relating to potential cooperation of the [appellant], as well as potential disposition of the [appellant's] case." At oral argument on appeal, appellant's counsel stated that appellant "would contend" that there was discussion with Agent Wong regarding the disposition of the case, *i.e.*, the sentence that appellant might receive. This is the extent of the proffer made by appellant. We hold this proffer insufficient to require a remand for a post-trial *Jackson v. Denno* hearing on the voluntariness of the statements given to Agent Wong, since appellant has not proffered any facts contrary to or in addition to those alleged by the DEA agents which, if proven, would indicate the confession was involuntary. *See Ballard*, 586 F.2d at 1063.

■ As to the initial statements made by appellant to the DEA agents prior to his arrest, appellant has again failed to proffer facts which, if proven, would show that such statements were involuntarily made. Appellant did allege, in his motion to suppress, that such statements were improper-

ly obtained in response to custodial interrogation before appellant was advised of his *Miranda* rights. The district court should have held a hearing to determine this issue. However, the most damaging evidence admitted at trial regarding these statements was Agent Porro's testimony that appellant told him the suitcases had not been at the airport all day. In view of the confession later made by appellant, the admission of testimony concerning these initial statements made to the DEA agents was at the most, harmless error. *See Hernandez*, 574 F.2d at 1372; *Smith v. Estelle*, 527 F.2d 430, 432 (5th Cir.1976).

### B. *Other Issues*

 Appellant argues the evidence was insufficient to prove possession of marijuana with intent to distribute in that the marijuana contained in the suitcases weighed only six ounces, an insufficient quantity to support an inference of distribution. Appellant alleges that he might have been guilty of attempted possession of marijuana with intent to distribute, but not actual possession. The question presented is whether actual possession of six ounces of marijuana is sufficient to prove possession with intent to distribute when the defendant intended to possess approximately sixty pounds of marijuana. We hold that it is. The government's proof demonstrated actual possession of six ounces of marijuana; knowledge on the part of appellant that the suitcases contained marijuana; and appellant's belief that the suitcases possessed a much larger quantity of marijuana. This evidence is sufficient to permit a jury to infer possession with intent to distribute. *United States v. Sheikh*, 654 F.2d 1057, 1067 n. 9 (5th Cir. Unit A 1981), *cert. denied*, 455 U.S. 991, 102 S.Ct. 1617, 71 L.Ed.2d 852 (1982); *United States v. Washington*, 586 F.2d 1147, 1153 (7th Cir.1978).

 Appellant next contends that the district court erred in refusing to instruct the jury that proof of an attempt to possess, rather than an actual possession with intent to distribute, would constitute a fatal variance with the indictment requiring a finding of not guilty. This requested instruction was based on appellant's incorrect assumption that attempted possession with intent to distribute and actual possession with intent to distribute are two distinct crimes. In fact, attempted possession with intent to distribute marijuana is a lesser included offense of possession with intent to distribute. *See Sheikh*, 654 F.2d at 1067 n. 8. Appellant specifically requested the district court not to provide a lesser included offense instruction.

 Appellant asserts that the prosecutor made an impermissible comment upon his failure to testify when the prosecutor stated in his closing argument, "So, what has the defense raised to rebut the government's case? First of all, fingerprints." This contention is frivolous. *See United States v. Dearden*, 546 F.2d 622, 625 (5th Cir.1977), *cert. denied*, 434 U.S. 902, 98 S.Ct. 295, 54 L.Ed.2d 188 (1977).

 Finally, appellant argues that the district court erred in failing to strike the testimony that he refused to permit the government agents to open his suitcases on three occasions. According to appellant, this attempt by the DEA agents to obtain consent to search was unreasonable in the context of the contrived scenario manufactured solely to elicit incriminating responses desired by the agents; appellant thus argues that he exercised his fourth amendment right to refuse consent to search, and, by analogy to a defendant's fifth amendment privilege to remain silent, it was impermissible for the government to elicit the fact that he refused to open the suitcases. Whatever the merits of these allegations, any resulting error would be harmless in view of the appellant's subsequent confession which was properly admitted into evidence.

Conviction for possession with intent to distribute marijuana is

AFFIRMED.