**UNITED STATES of America, Plaintiff-Appellee,**

**v.**

**Joseph CUSACK, Defendant-Appellant.**

**No. 86–3216.**

United States Court of Appeals, Eleventh Circuit.

Sept. 15, 1987.

James R. Valerino, Orlando, Fla., for Cusack.

---

[*] Honorable R. Lanier Anderson did not participate in the consideration or disposition of this appeal.

[**] Honorable Albert J. Henderson, Senior Circuit Judge, has elected to participate in the consideration and disposition of this case. 28 U.S.C. § 46(c).

Paul Moriarty, Asst. U.S. Atty., Orlando, Fla., for plaintiff-appellee.

Before TJOFLAT and VANCE, Circuit Judges, and ATKINS*, Senior District Judge.

PER CURIAM:

Appellant, Joseph M. Cusack, was arrested on September 17, 1985, on a charge of possession of piperidine with intent to distribute phencyclidine (PCP). This arrest followed several months of surveillance by agents of the Tennessee Bureau of Investigation and the Drug Enforcement Administration (DEA). After his arrest, Cusack and his attorney met with agents of the DEA, at which time Cusack waived his right to remain silent and chose to provide information to the Government.[1] DEA agents subsequently used the information Cusack provided to help establish probable cause to obtain and execute a search warrant on a mini-storage site being used as a drug manufacturing laboratory. DEA agents discovered evidence during the search, which the Government later introduced at Cusack's trial.[2]

On November 5, 1985, a federal grand jury returned a four-count indictment against Cusack. Count One charged that he had conspired to manufacture at least five hundred grams of PCP, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) (1982 & Supp. III 1985) and 21 U.S.C. § 846 (1982). Count Two charged that Cusack had violated 18 U.S.C. § 1952(a)(3) (1982) by his interstate transport of phenylmagnesium bromide in an effort to promote the conspiracy alleged in Count One. Count Three charged that Cusack had possessed piperidine with the intent to manufacture PCP, in violation of 21 U.S.C. § 841(d) (1982 & Supp. III 1985) and 18 U.S.C. § 2 (1982). Count Four charged Cusack with the interstate transportation of piperidine, in violation of 18 U.S.C. § 1952(a)(3) (1982). On February 5, 1985, a jury found Cusack guilty of all four crimes.

Cusack raises two issues in this appeal. First, he contends that the district court erred in denying his motion to suppress the evidence that the DEA agents seized when they executed the search warrant on the mini-storage unit. According to Cusack, Fed.R.Crim.P. 11(e)(6)(D)[3] prohibits the Government from using this evidence, because it was discovered through the use of statements Cusack made during a plea negotiation. We disagree.

This circuit recently had the occasion to examine the sweep of the exclusionary rule of Rule 11(e)(6). In *United States v. Rutkowski*, 814 F.2d 594, 598–99 (11th Cir. 1987) (per curiam), we considered the language of Rule 11(e)(6)(D) and the legislative history behind the Rule. Responding to the appellant's claim that the trial court should have excluded evidence whose significance became apparent to the prosecution as a result of plea negotiations, we

---

* Honorable C. Clyde Atkins, Senior U.S. District Judge for the Southern District of Florida, sitting by designation.

1. The Government concedes that this meeting was for the purpose of negotiating a plea, pursuant to Fed.R.Crim.P. 11(e).

2. Cusack apparently declined the Government's final plea bargain offer.

3. Fed.R.Crim.P. 11(e)(6)(D) provides as follows:
   **(e) Plea Agreement Procedure.**
   . . . .
   **(6) Inadmissibility of Pleas, Plea Discussions, and Related Statements.** Except as otherwise provided in this paragraph, evidence of the following is not, in any civil or criminal proceeding, admissible against the defendant who made the plea or was a participant in the plea discussions:
   . . . .
   (D) any statement made in the course of plea discussions with an attorney for the government which do not result in a plea of guilty or which result in a plea of guilty later withdrawn.
   However, such a statement is admissible (i) in any proceeding wherein another statement made in the course of the same plea or plea discussions has been introduced and the statement ought in fairness be considered contemporaneously with it, or (ii) in a criminal proceeding for perjury or false statement if the statement was made by the defendant under oath, on the record, and in the presence of counsel.

found it "clear that Congress never considered including derivative evidence in [Rule 11(e)(6)'s] prohibition." *Id.* at 599. We therefore held that "evidence gained by the government that is not evidence of a statement made in plea negotiations is not barred by Rule 11(e)(6)." *Id.* Cusack presents no argument that leads us to doubt the correctness of the decision in *Rutkowski.* If, as Cusack argues, the Rule's goal would be better served by excluding the "fruits" of plea negotiation statements, "it is for Congress and not for the courts alone to strike the appropriate balance among such values." *Id.* (citation omitted).

■ Cusack's second contention, that the district court erred by denying his motion for a judgment of acquittal on all counts, merits little discussion. Reviewing the evidence in the light most favorable to the Government, *see Glasser v. United States,* 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942), we find ample support for the court's decision and the jury's subsequent verdict. Among other things, the evidence showed that Cusack, using an alias and acting as the representative of a fictitious company, went to Tennessee to purchase the chemicals used in making PCP. Cusack paid for these purchases in cash and drove evasively after the purchases. In addition, a witness familiar with the smell of liquid PCP testified that she at one time smelled the odor on Cusack. Finally, Cusack's testimony on the witness stand was simply not believable. In sum, we find no error in the district court's denial of Cusack's motions for judgments of acquittal.

AFFIRMED.

ATKINS, Senior District Judge, concurring:

Although we are bound by precedent to follow this circuit's decision in *Rutkowski,* I believe that it is important to note the factual differences between that case and the one before this court and to express concern about the scope of that ruling.

In *Rutkowski,* the defendant tried to suppress the use in evidence of a log that had been seized at the time of his arrest. He argued that statements made by his co-conspirator during plea negotiations caused the prosecution to introduce the log at trial. There existed no evidence, other than defendant's allegation, that the statements caused the prosecution to scrutinize more closely evidence that it had previously and lawfully obtained. Based on those limited facts, the court found it "clear that Congress never considered including derivative evidence in the prohibition." The court's ruling effectively permits any use of a defendant's statements other than their introduction at trial.

The importance of plea bargaining in the criminal justice system is well settled. *See Santobello v. New York,* 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1977). This circuit has not been alone in emphasizing the importance of candor and fair dealing to proper and effective administration of such negotiations. *See, e.g., United States v. Davidson,* 768 F.2d 1266, 1270 (11th Cir. 1985) (purpose of the rule is "to permit unrestrained candor which produces effective plea discussions"); *United States v. Davis,* 617 F.2d 677, 683 (D.C.Cir.1979) ("The most significant factor in the rule's adoption was the need for free and open discussion between the prosecution and defense during attempts to reach a compromise."); *United States v. Herman,* 544 F.2d 791 (5th Cir.1977) (inescapably true that for plea bargaining to work effectively and fairly a defendant must not fear that his statements will later be used against him).

The court in *Herman* endorsed a broad interpretation of the rule "eschewing an interpretation of the rules that would make the accused less amenable to forthright plea discussions." *Herman,* at 797. The two most important policy goals supported by Rule 11, the promotion of free and open plea negotiations and the effectiveness of a plea withdrawal, are severely hampered by a strict interpretation of the rule. A defendant, aware that his statements may be used to support probable cause for a warrant to obtain incriminating evidence, is unlikely to engage in the type of frank interchange so necessary to successful ne-

gotiations. Should such discussions be unsuccessful, the defendant has incriminated himself and aided the prosecution in building a stronger case against him. Finally, knowledge of the ability to make such use of statements gives the prosecution a powerful weapon that swings the balance of the discussions against the defendant. *See United States v. Ross*, 493 F.2d 771, 775 (5th Cir.1974) ("[I]t is inherently unfair for the government to engage in [plea negotiations], only to use it as a weapon against the defendant when the negotiations fail."). It is naive to believe that the only use of statements that would hamper the effectiveness of plea negotiations would be the introduction of the actual statements at trial.

Although not directly faced with a challenge to admission of evidence as is this court, the second circuit, in deciding whether information obtained during plea bargaining should be barred from use by the prosecution seeking a superceding indictment, quoted the lower court with approval saying: "A trial judge aptly stated in the proceeding below: 'Rule 11 ... [is] designed to [be] applied to statements that are to be used in evidence, *or evidence obtained through the use or exploitation of the statements.*'" *United States v. Hinton*, 703 F.2d 672, 679 (2d Cir.1983) (emphasis added). In *United States v. Kandik*, 633 F.2d 1334 (9th Cir.1980), faced with facts extraordinarily similar to those in the case *sub judice*, the district court suppressed evidence obtained pursuant to a search warrant acquired with information obtained during plea negotiations. The district court ruled that the evidence was inadmissible for any purpose. *Id.* at 1335. Though this issue was not contested on appeal, the circuit court's discussion implicitly accepted the trial court's decision. While it is clear that the present case is in keeping with precedent as set by this circuit, it appears out of step with the spirit and implementation of plea bargaining and the rationale of other circuits.