# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 00-1511

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the Southern |
| David Dean Millard, | * | District of Iowa. |
| | * | |
| Appellant. | * | |

_____

Submitted: November 16, 2000.

Filed: December 28, 2000

_____

Before LOKEN, JOHN R. GIBSON, and MORRIS SHEPPARD ARNOLD, Circuit
Judges.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

David Millard was found guilty of conspiring to distribute methamphetamine,
*see* 21 U.S.C. § 841(a)(1), § 846, and of using a communication facility to distribute
methamphetamine, *see* 21 U.S.C. § 843(b). He appealed his convictions to this court,
claiming that they were based on inadmissible evidence, and we affirmed. *See United
States v. Millard*, 139 F.3d 1200, 1206-07 (8th Cir. 1998), *cert. denied*, 525 U.S. 949
(1998). Mr. Millard then moved for post-conviction relief under 28 U.S.C. § 2255,

contending that his counsel was ineffective. The district court[1] held a hearing and denied the motion. We affirm.

For Mr. Millard to succeed he must show that his counsel's performance was deficient and that the deficient performance prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Mr. Millard bases his claim for relief partly on his counsel's failure to object at several points during trial. He maintains that his counsel should have objected to the testimony of Doug Jackson and Craig Simmons because the government learned of these witnesses only as a result of its plea negotiations with Mr. Millard and thus their testimony was inadmissible under Fed. R. Crim. P. 11(e)(6)(D). This rule, however, excludes only statements that a defendant makes during negotiations and does not include the "fruit" of those statements. *See United States v. Ware*, 890 F.2d 1008, 1012 (8th Cir. 1989); *see also United States v. Cusack*, 827 F.2d 696, 697-98 (11th Cir. 1987) (*per curiam*). Because Messrs. Jackson and Simmons were proper witnesses, any objection to their testimony would have been overruled.

Mr. Millard also contends that his counsel should have objected to a federal agent's testimony that described statements that Mr. Millard allegedly made during plea negotiations, including one where, in response to an offer of a lesser state charge for his wife in exchange for his acceptance of a life sentence, he replied, "Give me the state charge. She can take the life charge." Mr. Millard's counsel further did not object when the government told the jury about his prior drug convictions during its opening statement. We have previously determined that it was error for the trial court to allow Mr. Millard's statements into evidence and to permit the government to refer to Mr. Millard's criminal history. *See Millard*, 139 F.3d at 1203-06.

---

[1]The Honorable Charles R. Wolle, Chief United States District Judge for the Southern District of Iowa.

Mr. Millard maintains that the failure to object in both of these instances constitutes deficient performance on the part of his attorney.  We need not decide whether counsel was deficient, however, because there was no prejudice to Mr. Millard in any event.  *See Strickland*, 466 U.S. at 697; *see also Evans v. United States*, 200 F.3d 549, 551 (8th Cir. 2000).  We have previously held that the government's opening statement and the admission of Mr. Millard's statements did not prejudice Mr. Millard.  *See Millard*, 139 F.3d at 1206-07.  In that appeal, however, we reviewed for plain error, which requires that the error "must have affected the outcome of the district court proceedings,"  *id.* at 1203.  Mr. Millard's burden to show prejudice here is slightly lower, that is, he must demonstrate only that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different,"  *Strickland*, 466 U.S. at 694.

Our review of the record convinces us that even if Mr. Millard's previous convictions and his statements to the federal agent had been excluded, the result of his trial would have been the same. The government presented the jury with strong evidence of Mr. Millard's guilt.  Mr. Jackson testified that he had delivered several large quantities of methamphetamine directly to Mr. Millard.  Two other witnesses, Mr. Simmons and Tim Krueger, testified that Mr. Millard had sold them methamphetamine.  Yet another witness testified that he had paid a third party for methamphetamine and that Mr. Millard later called him to complain about the amount of the payment.  A search of Mr. Millard's house revealed over $10,000 in marked bills, given to him by Mr. Krueger to make up the shortfall in payment about which Mr. Millard complained, as well as several triple-beam scales that Mr. Krueger testified were given to Mr. Millard to weigh methamphetamine.

In light of this evidence, Mr. Millard has not shown that there is a reasonable probability that exclusion of the objectionable matter would have produced a different result in his trial.  We hold, therefore, that he was not prejudiced by the alleged deficiencies in his counsel's performance.

For the foregoing reasons, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.