[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 3, 2006
THOMAS  K. KAHN
CLERK

_____

No. 05-12866
Non-Argument Calendar

_____

D. C. Docket No. 04-00136-CR-4-CG-B-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

REBECCA D. MOSTELLAR,
a.k.a. Beka Mostellar,
a.k.a. Rebecca Casey,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(February 3, 2006)

Before BLACK, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Rebecca D. Mostellar appeals her conviction for bank fraud. Mostellar raises three arguments on appeal: (1) the district court abused its discretion by admitting evidence of her prior conviction for theft by deception, (2) the district court erroneously failed to conduct a <u>Jackson</u> hearing to determine whether her confession to the prior conviction had been voluntary, and (3) the district court erroneously denied her motion for acquittal because the evidence was insufficient to support a conviction. We affirm.

## I. BACKGROUND

From January 2000 through April 2003, Mostellar was employed as an accounts payable clerk at Delaney Development, Inc. On April 16, 2003, the controller at Delaney discovered accounting discrepancies regarding several checks and initiated an investigation. It was determined that these checks, although listed in the ledger as payable to utility companies, were actually paid to Willard Tom Autrey and W.B. Trim and Masonry. The controller questioned Mostellar regarding these checks and Mostellar admitted that Autrey was her father and W.B. Trim and Masonry was her father's business. Upon further investigation, Delaney determined that over 80 checks drawn on its Southtrust Bank account had been altered by changing the payee from a utility company to Autrey, W.B. Trim and Masonry, or W.B. Construction, another company owned by Mostellar's father.

2

Delaney reported the fraud, and the United States Secret Service searched Mostellar's home based on a search warrant. The search uncovered receipts, invoices, and other documents, as well as a Delaney checking account statement and stamps bearing Mostellar's name, "deposit only," and several account numbers. The Service calculated Mostellar's fraud was in excess of $532,000.

On July 29, 2004, Mostellar was indicted on one count of bank fraud. See 18 U.S.C. § 1344. At trial, the government proffered testimony by Deputy Sheriff Tom Bender as to Mostellar's 1997 conviction for theft by deception under Alabama law. Mostellar objected to Bender's testimony as hearsay, and the district court sustained the objection in part and limited Bender's testimony to his personal knowledge. Bender testified that during his investigation of the charge he observed that six checks paid by the Nursery had been altered to change the payee and bank surveillance tapes revealed that Mostellar had cashed the altered checks.

Bender also testified as to statements made by Mostellar during his investigation of the 1997 charge. Mostellar objected based on failure to lay a proper foundation, but after the district court determined Mostellar was not in custody and had signed a Miranda waiver, Bender's testimony was allowed. Bender testified that Mostellar acknowledged her signature on the back of the checks and receipt of cash for the checks and admitted she worked as a

3

bookkeeper-secretary at the Nursery at the time the theft occurred. The government introduced, without objection, a judgment entering Mostellar's guilty plea to the 1997 charge.

At the close of the government's case, Mostellar moved for judgment of acquittal. Mostellar argued that the government failed to prove Southtrust Bank was a federally insured financial institution. The district court expressed its belief that it had seen the certificate of insurance, and the government confirmed that the certificate had been admitted into evidence as part of the parties' stipulation to certain bank records. The certificate was marked as Government's Exhibit 273 and stamped as "admitted into evidence." The district court denied Mostellar's motion, and Mostellar proceeded to present her case, including her own testimony. Mostellar did not renew her motion for acquittal at the close of her evidence, and the certificate of insurance was presented to the jury to review during its deliberations.

Mostellar was convicted on February 16, 2005. The district court sentenced Mostellar to 78 months of imprisonment on May 10, 2005.

## II. STANDARD OF REVIEW

This Court reviews evidentiary rulings for abuse of discretion, United States v. Magluta, 418 F.3d 1166, 1177 (11th Cir. 2005), but when the defendant fails to

preserve his objection for appeal, we reverse only for plain error.  See United States v. Brazel, 102 F.3d 1120 (11th Cir. 1997).  Failure to hold a Jackson hearing to determine whether a confession is voluntary is reviewed de novo, but we remand to conduct the hearing only when the defendant "allege[s] facts which would, if proven true, indicate the involuntariness of his confession."  United States v. Davidson, 768 F.2d 1266, 1270 (11th Cir. 1985) (emphasis omitted).  We review de novo the denial of a motion for judgment of acquittal based on insufficiency of the evidence, United States v. Abbell, 271 F.3d 1286, 1299 (11th Cir. 2001), but where the defendant fails to renew his objection after presenting evidence, we reverse for manifest injustice, United States v. Bichsel, 156 F.3d 1148, 1150 (11th Cir. 1998).

## III.  DISCUSSION

Mostellar raises three issues on appeal.  First, Mostellar argues that the district court abused its discretion by admitting the testimony of Bender because his testimony was hearsay and evidence of her prior conviction was inadmissible under Federal Rule of Evidence 404(b).  Second, Mostellar contends that the district court erroneously failed to conduct a Jackson hearing to determine whether her confession to the 1997 charge was voluntary before allowing Bender to testify to her statements.  Third, Mostellar argues that the district court erroneously denied

5

her motion for acquittal because the government presented no evidence that Southtrust Bank is a federally insured financial institution.  We address each argument in turn.

### A.  The District Court Did Not Abuse Its Discretion by Admitting Bender's Testimony as to the 1997 Charge.

Mostellar argues that the district court abused its discretion by admitting Bender's testimony regarding her conviction for theft by deception in 1997.  First, Mostellar argues that the testimony should have been excluded because it was hearsay.  Second, Mostellar contends that Federal Rule of Evidence 404(b) bars the introduction of her prior conviction.  Neither argument has merit.

### 1.  Bender's Testimony Was Admissible.

Mostellar preserved her hearsay objection for appeal, but we find her argument unavailing.  Federal Rule of Evidence 802 states, "Hearsay is not admissible except as provided by these rules[.]"  Fed. R. Evid. 802.  A statement made by a party-opponent is defined as "not hearsay."  Fed. R. Evid. 801(d)(2).

Bender's testimony was not hearsay.  Mostellar's statements to Bender were properly admitted because she is a party-opponent.  See id.  Bender's testimony that the checks appeared to be altered was not hearsay because the writing on the check was not offered for the truth of the matter it asserted.  See Fed. R. Evid. 801(c) ("'Hearsay' is a statement . . . offered in evidence to prove the truth of the

6

matter asserted.").  The district court sustained Mostellar's objection as to other portions of Bender's testimony that relied on hearsay.  The district court did not abuse its discretion.

## 2.  Mostellar's Prior Conviction Was Admissible.

Because Mostellar did not object to the admission of her prior conviction under Rule 404(b), we review for plain error.  See Brazel, 102 F.3d at 1151.  Rule 404(b) prohibits the use of a prior conviction to prove the "character of a person," but permits its use "for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident[.]"  Fed. R. Evid. 404(b).  This Circuit applies a three-part test to determine whether evidence may be admitted under Rule 404(b):  the government must show "(1) that the evidence was introduced for a proper purpose and not to prove character, (2) that the defendant committed the act, and (3) that the probative value of introducing the evidence was not substantially outweighed by its undue prejudice." Brazel, 102 F.3d at 1152.

The government satisfied its burden as to each part of the Brazel test. Mostellar's prior conviction was introduced for a proper purpose because it was probative of preparation, plan, intent, and absence of mistake, and the district court instructed the jury not to consider the prior conviction beyond these limited

7

purposes. The district court mitigated any prejudice by instructing the jury as to the limited purpose of the evidence. The district court did not plainly err by admitting evidence of the 1997 conviction.

### B. The District Court Did Not Erroneously Fail to Conduct a Jackson Hearing.

Mostellar argues that the district court erroneously failed to conduct a Jackson hearing to determine whether her statements to Bender during his investigation of the 1997 charge were voluntary. Under Jackson v. Denno, 378 U.S. 368, 84 S. Ct. 1774 (1964), a defendant has a right "to object to the use of the confession and to have a fair hearing and a reliable determination on the issue of voluntariness." 378 U.S. at 376-77, 84 S. Ct. at 1780-81. A Jackson hearing is "constitutionally mandated for a defendant who timely urges that his confession is inadmissible because not voluntarily given." United States v. Davidson, 768 F.2d 1266, 1270 (11th Cir. 1985) (emphasis added). The defendant must move to suppress and "allege facts which would, if proven true, indicate the involuntariness of his confession." Id.

Mostellar was not entitled to a Jackson hearing. Mostellar limited her objection to the use of her statements to the ground that Bender's testimony lacked foundation; she made no challenge to the voluntariness of the statements. The district court also determined the statements were voluntary based on Bender's

8

testimony that Mostellar was not in custody at the time of the questioning and he had obtained a <u>Miranda</u> waiver. Although it is doubtful that <u>Jackson</u> applies when, as in this case, the proffered confession relates to a charge other than the one for which the defendant stands trial and the defendant pleaded guilty to that charge, the district court, in any event, did not err.

### C. The District Court Did Not Erroneously Deny Mostellar's Motion for Judgment of Acquittal.

Mostellar argues that the district court erroneously denied her motion for judgment of acquittal due to insufficiency of the evidence. Mostellar moved for judgment of acquittal at the close of the government's case, but she then presented her defense without renewing her motion afterwards. Failure to renew a motion for judgment of acquittal after presenting evidence "waive[s] any objection to the sufficiency of the evidence." <u>Bichsel</u>, 156 F.3d at 1150. We affirm "unless there is a manifest miscarriage of justice—if the evidence 'on a key element of the offense is so tenuous that a conviction would be shocking.'" <u>Id.</u> (quoting <u>United States v. Williams</u>, 144 F.3d 1397, 1402 (11th Cir. 1998)).

To support a conviction for bank fraud, the government must prove beyond a reasonable doubt "(1) a scheme existed to obtain money, funds, or credit in the custody of a federally insured financial institution; (2) the defendant participated in the scheme by means of false pretenses, representations, or promises, which were

9

material; and (3) the defendant acted knowingly." United States v. Williams, 390 F.3d 1319, 1324 (11th Cir. 2004). Mostellar contends that the government failed to satisfy its burden on the first element because it presented no evidence that Southtrust Bank was a "federally insured financial institution." We disagree.

On the first day of trial, February 14, 2005, the government admitted into evidence, pursuant to a stipulation by the parties, a set of Southtrust Bank business records that included the certificate of insurance for the bank, but the transcript does not refer to Exhibit 273 as having been entered into evidence. The exhibit nevertheless is part of the record on appeal, is stamped as "Admitted into Evidence" and dated "2/14/05," and bears the clerk's handwritten notation "stip," which was found on the other exhibits admitted by stipulation. The government referred to the certificate in its opening statement, and the district court stated that it had seen the certificate when Mostellar presented her motion. Mostellar does not argue that the certificate was beyond the scope of the stipulation. The certificate was available to the jury during its deliberations. Mostellar has failed to establish a "manifest miscarriage of justice."

Mostellar also argues that her trial counsel was ineffective because he failed to renew the motion for judgment of acquittal. "We will not generally consider claims of ineffective assistance of counsel raised on direct appeal where the district

10

court did not entertain the claim nor develop a factual record." United States v. Bender, 290 F.3d 1279, 1284 (11th Cir. 2002). Because Mostellar did not raise the issue below and the alleged ineffective assistance is not clear from the record, her argument of ineffective assistance of counsel is better considered on post-conviction collateral review. See Massaro v. United States, 538 U.S. 500, 504, 123 S. Ct. 1690, 1694 (2003).

## IV. CONCLUSION

Mostellar's conviction for bank fraud is

**AFFIRMED**.