No. 30, Misc. HAMILTON *v.* CALIFORNIA. Sup. Ct. Cal. Certiorari denied. *Thomas C. Lynch,* Attorney General of California, and *Edsel W. Haws* and *Daniel J. Kremer,* Deputy Attorneys General, for respondent.

MR. JUSTICE FORTAS, with whom MR. JUSTICE DOUGLAS and MR. JUSTICE MARSHALL join, dissenting.

While petitioner was in custody on a murder charge, he sent a note to an inspector in the District Attorney's office requesting a meeting. The inspector met petitioner in a room on the mezzanine of the county jail. Faced with a possible death penalty,[1] petitioner said he would give some information "if he were allowed to plead guilty [before a certain judge] and receive a life sentence." The inspector testified and recounted this offer of compromise to the jury.[2]

Before the inspector's evidence was introduced, but while the inspector was on the stand, petitioner asked

[1] Petitioner was charged with two counts of murder. At his first trial he was sentenced to death on both counts. The California Supreme Court reversed the conviction. *People* v. *Hamilton,* 55 Cal. 2d 881, 362 P. 2d 473 (1961). At his second trial he was found guilty on both counts again and sentenced to death on one and life imprisonment on the other. The California Supreme Court upheld the conviction and the life sentence but reversed the death penalty. *People* v. *Hamilton,* 60 Cal. 2d 105, 383 P. 2d 412 (1963). Subsequently, petitioner was sentenced to life imprisonment on both counts. He filed two petitions for habeas corpus in the California Supreme Court. Both were denied without opinion. This petition for certiorari seeks review of the second denial.

[2] At a subsequent point in the trial, petitioner's counsel read to the jury a transcript of an interrogation of petitioner by the police, conducted on the night he was apprehended. In his statement petitioner said he was going to "plead guilt" but that he "never intended to kill neither one of them." The California Supreme Court did not refer to this statement or rely upon it in determining that the admission of petitioner's offer to plead guilty made to the inspector almost three months later was harmless error.

for an offer of proof by the prosecutor out of the jury's presence. The request was denied. Immediately after the inspector told about the offer to plead guilty, petitioner moved to strike the evidence. The motion was denied.

It is not uncommon for defendants or their lawyers to negotiate with prosecutors about pleading guilty. It is entirely possible that, in the hopelessness and loneliness of jail, faced with a charge of murder, a prisoner may discuss a bargain-deal with the prosecutor even if he is not guilty of the offense. In any event, the defendant's attempt to negotiate may well be accepted by the jury as a convincing admission of guilt. There is, in reality, no way in which the jury can be persuaded that the ugly inference of guilt is not to be drawn from his statement, however equivocal may have been his intent in making it. Usually, the accused cannot take the stand to explain the circumstances without peril.

We should consider whether we should not, in any event, prohibit the use of a statement made for bargaining purposes. We should not attach such a penalty to discussion of the possibility of a guilty plea. The general rule is that such evidence would not be admissible in a civil suit even where the stake is as little as a few dollars.[3] We should at least consider the bearing of the practice upon the constitutional guarantee of a fair trial where the issue is murder and the possible penalty is death.[4]

---

[3] 4 Wigmore, Evidence §§ 1061–1062 (3d ed. 1940). See also Fed. Rule Civ. Proc. 68 and 7 Moore, Federal Practice §§ 68.01–68.06 (1966).

[4] The California Supreme Court agreed that petitioner's offer to plead guilty was inadmissible by analogy with a provision of the California Code making inadmissible evidence of guilty pleas which were withdrawn. Nonetheless, the Supreme Court held that this was "harmless error" because it thought a different result would not have been "reasonably probable" without the error. Therefore the conviction was not reversed. *People* v. *Hamilton,* 60 Cal. 2d, at

There is another important issue here. Although the prosecutor used the offer to plead guilty as he would have used a confession, there was no separate hearing on the question of voluntariness. Nor did the trial judge make a specific finding that the statement was voluntary. I think we should consider whether the procedure outlined in *Jackson* v. *Denno,* 378 U. S. 368 (1964), and *Sims* v. *Georgia,* 385 U. S. 538 (1967), was required in this case.

112–114, 119–121, 383 P. 2d, at 415–416, 420–421. The admission of the evidence here in violation of the Fourteenth Amendment would be critically important to the trial, and the error could not be considered harmless under the standards announced by the Court in *Chapman* v. *California,* 386 U. S. 18 (1967).