**UNITED STATES of America**

v.

**Sam ALBANO, Defendant.**

**No. 75 Cr. 373.**

United States District Court,
S. D. New York.

June 2, 1976.

Robert B. Fiske, Jr., U. S. Atty., S. D. N. Y., by Steven A. Schatten, Asst. U. S. Atty., New York City, for the United States.

John P. Pelosi, Martin I. Menack, New York City, of counsel, for defendant.

PIERCE, District Judge.

## MEMORANDUM OPINION AND ORDER

The defendant Sam Albano (Albano) is charged in three counts with attempting to evade federal income taxes for the years 1968, 1969, and 1971 in violation of 26 U.S.C. § 7201.

During the pre-trial proceedings the parties informed the Court that the case would be disposed of by means of a plea of guilty to Count 3 of the indictment. The plea of guilty was accepted by the Court on January 12, 1976 and sentence was set for February 27, 1976.

After the plea of guilty was accepted and entered, Albano wrote a letter to the Court dated February 16, 1976 in which he set forth certain information and advanced certain contentions concerning his guilt with respect to the charges against him. In particular, he seemed to state that his plea of guilty had been motivated in no small part by his feeling that it would be very difficult to mount a credible defense at trial due to the fact that the accountant who had kept his books and done much of his tax work had since died.

Based on the statements in this letter, the Court questioned the defendant closely at the time of sentencing concerning his intent in relation to the matters charged against him and his earlier expressed belief that he was guilty of the offense charged in Count 3. The Court concluded that there was an insufficient factual basis for the defendant's plea of guilty and that the plea could not be accepted. The Court directed that the plea be withdrawn and a plea of not guilty entered as to all counts of the indictment. Shortly thereafter the matter was set for trial on April 5, 1976.

The government moved prior to trial for production of Albano's letter from the Court's files so that it could be used for impeachment purposes in the event that Albano took the stand and testified in his own defense.

In *Kercheval v. United States,* 274 U.S. 220, 47 S.Ct. 582, 71 L.Ed. 1009 (1927), the Supreme Court held that a guilty plea withdrawn by leave of court is not admissible evidence in a subsequent federal court trial. The initial question before this Court is whether the same ruling should obtain with respect to Albano's letter.

In setting forth its reasoning in *Kercheval* the Court stated:

"The effect of the court's order permitting the withdrawal was to adjudge that the plea of guilty be held for naught. Its subsequent use as evidence against petitioner was in direct conflict with that determination. When the plea was annulled it ceased to be evidence. By per-

mitting it to be given weight the court reinstated it *pro tanto.*" *Id.* at 224, 47 S.Ct. at 583.

The *Kercheval* ruling was not based on constitutional grounds, but rather on the Court's supervisory power. See *Canizio v. New York,* 327 U.S. 82, 91, 66 S.Ct. 452, 90 L.Ed. 545 (1946) (Rutledge, J., dissenting). The question of whether it is required by the Fifth Amendment privilege against self-incrimination is therefore open. See *Hamilton v. California,* 389 U.S. 921, 88 S.Ct. 243, 19 L.Ed.2d 271 (1967) (Fortas, J., dissenting from denial of certiorari); *De-Christoforo v. Donnelly,* 473 F.2d 1236, 1240 n. 6 (1st Cir. 1973). However, this Court finds the analysis in *United States ex rel. Spears v. Rundle,* 268 F.Supp. 691, 698–700 (E.D.Pa.1967) to be persuasive. In that case, Judge Lord reasoned that a plea of guilty carried with it an implied waiver by the defendant of his Fifth Amendment right against self-incrimination. Therefore, when the plea is withdrawn, the waiver too is vitiated. *Id.* at 699.

In any event, whether because of the Fifth Amendment privilege against self-incrimination or because of the Supreme Court's supervisory rule, a defendant's plea of guilty, once withdrawn, may not be used against the defendant in a later proceeding concerning the same offense. The plea stands for naught. It is this Court's view that a potentially incriminating statement made by the defendant, shortly after a plea of guilty, incidental to the plea of guilty, and in contemplation of sentence to be imposed as a result of the plea of guilty, stands on the same footing. Accordingly, the government's application for production of the Albano letter is denied.[1]

SO ORDERED.

---

[1] The Court notes that the same result might be reached under Rule 11(e)(6), F.R.Cr.P. since it is this Court's view that under the particular facts of this case, the letter in question was a statement made in connection with, and relevant to, Albano's plea of guilty.