The **PEOPLE** of the State of Colorado, Plaintiff–Appellee,

v.

Scott M. **ROLLINS,** Defendant–Appellant.

No. 86CA1093.

Colorado Court of Appeals, Div. II.

April 21, 1988.

Rehearing Denied May 19, 1988.

Certiorari Denied Aug. 22, 1988.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Robert M. Petrusak, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, John P. Leopold, Steven Katzman, Sp. Deputy State Public Defenders, Littleton, for defendant-appellant.

SMITH, Judge.

Defendant appeals the judgment of conviction entered upon a jury verdict finding him guilty of aggravated robbery, conspiracy to commit aggravated robbery, and crime of violence. We affirm.

## I.

Defendant initially argues that he is entitled to a new trial because an F.B.I. agent testified to admissions he made in Florida concerning his commission of the robbery of the University National Bank in Fort Collins. Defendant has attempted to characterize these admissions as part of a plea-bargaining process in which his robbery of the Fort Collins bank was to be consolidated with numerous federal bank robbery charges in different districts under Fed.R. Crim.P. 20. Defendant asserts that CRE 410 prohibited the admission of these statements because they were made during an effort to plea-bargain other pending federal charges. This argument is without merit.

CRE 410, upon which the claim of exclusion here is based, is substantially the same as Fed.R.Evid. 410 as originally promulgated. Although the federal rule was amended in 1979 to make its language more compatible with Fed.R.Crim.P. 11(e)(6), the Colorado Supreme Court did not adopt a similar amendment. The federal amendment specifically limited the evidentiary exclusion to evidence arising out of plea-discussions with the "attorney for the government." Fed.R.Evid. 410. Nevertheless, we hold that CRE 410, even absent a comparable amendment, when read in light of Crim.P. 11(e)(6) and § 16-7-303, C.R.S. (1986 Repl.Vol. 8A), arrives at precisely the same result.

■ Crim.P. 11 defines plea negotiations as those conducted between the district attorney and defense counsel, or the defendant himself, if not represented by counsel. Section 16–7–303, C.R.S. (1986 Repl.Vol. 8A) legislatively precludes the subsequent admission of defendant's statements only when made in plea discussions between the district attorney and defense counsel or the defendant himself. Thus, the federal and state rules are equivalent on this point, and absent case authority in Colorado, the federal cases on this issue are instructive.

The policy against admitting, at trial, statements made during plea negotiations is designed to encourage the "unrestrained candor which produces effective plea discussions between the attorney for the government and the attorney for the defendant or the defendant when acting pro se." *United States v. Davidson*, 768 F.2d 1266 (11th Cir.1985). However, this policy does not extend to discussions between a crime suspect and law enforcement agents concerning entirely different problems. *United States v. Davidson, supra; United States v. Ceballos*, 706 F.2d 1198 (11th Cir.1983).

■ Rather, this policy applies only to discussions between defense counsel, or pro se litigants, and prosecuting attorneys who have specific authority to bind the government to a plea-agreement later consummated in court. *United States v. Karr*, 742 F.2d 493 (9th Cir.1984). Thus, even a subjective belief on the part of a suspect that law enforcement officers have authority to negotiate or otherwise bind the government may be regarded as unreasonable and insufficient to prohibit admission of the suspect's statements to the officers. *U.S. v. Karr, supra.*

The policy which precludes admission of communications made during plea bargaining necessarily restricts plea bargaining to those negotiations involving a prosecuting attorney with authority to bind the government in a courtroom settlement. *U.S. v. Davidson, supra.* While the prosecuting attorney need not be physically present in order for a discussion to constitute plea negotiations, his knowledge and consent to be bound by such discussions is an essential prerequisite. Without such a prerequisite, virtually any inculpatory statement by a suspect to police could be viewed as an effort to obtain leniency and, thus, a form of "plea bargaining" inadmissible in the prosecution's case in chief. *United States v. Levy*, 578 F.2d 896 (2d Cir.1978) (effort by defendant to help himself by talking to officers without any request for consideration from prosecutor was not plea bargaining).

■ Accordingly, spontaneous statements made by an arrestee to an officer other than a prosecuting attorney are not inadmissible "plea negotiations." *United States v. Bernal*, 719 F.2d 1475 (9th Cir. 1983). Similarly, requests for leniency by defendants do not transform a statement to a peace officer into a plea negotiation. *United States v. Robertson*, 582 F.2d 1356 (5th Cir.1978). This rule applies to situations where defendant seeks leniency on charges other than those for which he is being held and questioned by the officers to whom he speaks. *United States v. Cross*, 638 F.2d 1375 (5th Cir.1981).

■ A defendant may not initiate discussion about charges beyond the concern and jurisdiction of the officers to whom he speaks with a reasonable assumption that such discussion will be regarded as inadmissible plea bargaining. His unilateral effort to help himself by bringing unrelated charges into a discussion with officers without first ascertaining the prosecutor's willingness and authority to negotiate on such charges does not create a reasonable expectation that the discussion will be regarded as a privileged plea negotiation. *Cf. U.S. v. Levy, supra.*

Here, defendant did not elect to testify at the suppression hearing. Rather, he relied on the testimony of the F.B.I. agent with whom he had met in Florida. That testimony disclosed that defendant was fully advised of his *Miranda* rights and that his subsequent statements were voluntary. The agent also testified that he advised defendant that he had no authority to enter into any binding agreement and that any such agreement would need the consent of

the United States Attorney in each district involved. Defendant requested that the agent make inquiry concerning whether plea negotiations might be held and offered to plead guilty to the Fort Collins robbery if such negotiations were held and if his conditions were "successfully met by the United States Attorney's office."

 Defendant's decision to waive his right to counsel and make unilateral efforts to obtain leniency in a federal plea negotiation did not turn his discussion with the F.B.I. agent into a plea negotiation inadmissible in federal court, much less inadmissible in the courts of a state not a party to any negotiation. Thus, the court did not err in admitting into evidence defendant's statements made to the federal agent.

## II.

Defendant next argues that he is entitled to a new trial because the prosecutor failed to apprise him of charges pending against one prosecution witness at the time of defendant's trial. Defendant also states that these charges were later dropped as compensation to that witness for his testimony. We conclude that defendant's argument is without merit.

The trial court record before us discloses nothing concerning these allegations other than the fact that they were made in the motion for new trial. As to this allegation, the record discloses no offer of proof, or any evidence presented to the court at a hearing on the motion for new trial.

It is the duty of a defendant appealing a judgment of conviction to provide those portions of the record necessary to substantiate his claims on appeal. *People v. Velarde*, 200 Colo. 374, 616 P.2d 104 (1980). In the absence of such a record, appellate courts must presume that the actions of the trial court, in this case denial of a motion for new trial, were correct. *See Till v. People*, 196 Colo. 126, 581 P.2d 299 (1978).

Accordingly, the judgment of conviction is affirmed.

BABCOCK and PLANK, JJ., concur.