The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Armando Hernandez FLORES,
Defendant–Appellant.

No. 93CA1518.

Colorado Court of Appeals,
Div. A.

Dec. 29, 1994.

Rehearing Denied March 9, 1995.

Certiorari Denied Aug. 28, 1995.

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Paul Koehler, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Stayton & Dole, P.C., Rowe P. Stayton, W. Melville Dole, Aurora, for defendant-appellant.

Opinion by Judge ROTHENBERG.

Defendant, Armando Hernandez Flores, appeals the trial court's denial of a Crim.P. 33 motion for a new trial and a Crim.P. 34 motion for arrest of judgment filed following his conviction of two counts of sexual assault on a child. We reverse and remand for a new trial.

The defendant was charged with multiple felony counts relating to sexual assault on a child. He pled not guilty and, as one of several pre-trial motions, defense counsel moved to suppress a letter written by the defendant to the county court judge. The trial court initially granted the motion, but then later reversed itself, *sua sponte,* and allowed the prosecution to introduce the letter as evidence.

Before trial, the defendant was advised by the trial court of his constitutional right to testify and the fact that any prior felony convictions could be used by the prosecution to impeach his credibility. The defendant did not testify. The convictions here at issue resulted.

## I.

As the basis for his claim that he was entitled to a new trial or arrest of judgment, defendant contends that the trial court gave him a defective and misleading advisement concerning his right to testify. We agree.

In *People v. Curtis,* 681 P.2d 504 (Colo.1984), our supreme court held that a defendant in a criminal case has a due process right to testify on his own behalf. The purpose of a *Curtis* advisement is to eliminate speculation as to what a particular defendant might believe to be the "salient consequences" of testifying and to provide accurate information concerning those consequences. *People v. Milton,* 864 P.2d 1097, 1101 (Colo.1993).

Because the right to testify is fundamental, a waiver of that right must be voluntary, knowing, and intentional. And, in order for a defendant to make such a knowing, voluntary, and intentional decision, he or she must be aware of the right to testify, the consequences of testifying, and the right to take the stand regardless of counsel's advice to the contrary. *People v. Chavez,* 853 P.2d 1149 (Colo.1993) (the record must show the defendant was properly advised and waived this right voluntarily, knowingly, and intelligently).

Here, the parties agree the trial court's *Curtis* advisement was technically correct in that it contained the required elements. However, they further agree that there was an error of substance. That is, based upon a mutual mistake by the prosecution and defense, the court told defendant that he had a previous felony conviction for sexual assault on a child which could be used for impeachment in the event that defendant testified. However, defendant had no such conviction. Rather, in the other assault proceeding, he had received a deferred judgment which could not have been used to impeach his credibility. *See Weber v. Colorado State Board of Nursing,* 830 P.2d 1128 (Colo.App. 1992). Thus, the defendant's *Curtis* advisement was flawed.

■ The People contend that the mistake which occurred falls squarely on defense counsel and, thus, citing *People v. McMullen,* 738 P.2d 23 (Colo.App.1986), they maintain that the doctrine of invited error bars defendant's relief.

However, the record reflects that the error here was initiated by the prosecution and that *both* attorneys affirmatively stated to the trial court their belief as to the nature of defendant's 1975 conviction:

THE COURT: In this particular case, it's been indicated that there is a prior felony conviction on your record. And I want to ask the district attorney, first of all, when did that occur, what was the type of offense, so it's clear, if you take the stand, what the district attorney could ask.

DISTRICT ATTORNEY: Judge, I want to be real certain of that, too. It's my understanding at this point that it is a felony conviction that occurred in 1975 for sexual assault on a child.

THE COURT: All right. And was that in this metropolitan area?

DISTRICT ATTORNEY: Adams County.

THE COURT: In Adams County? Okay. Then Mr. Flores, if the district attorney asks you that question, if you have been convicted of a felony, then you would be required to answer it. If you have been convicted of a felony, if that is stated to the jury that you have been previously convicted of a felony, then I would also tell the jury that any evidence of a prior felony conviction can be used by the jury only to impeach your credibility as a witness and it cannot be used as direct evidence that you committed the crimes that you are charged with in this case. Do you understand that?

DEFENDANT: I do.

THE COURT: And just so I understand the defense position, is there any disagreement that there was a prior felony from the time period that the district attorney has indicated, of the essential nature?

DEFENSE ATTORNEY: No, Your Honor.

We thus reject the People's contention that the defendant injected this error into the case and that the doctrine of invited error applies.

■ Under these circumstances, in which the trial court relied on inaccurate information provided by both counsel in the court's *Curtis* advisement, and such information was material to the advisement, we conclude that defendant's waiver of his *Curtis* rights was not knowing and intentional. The defendant is not required to demonstrate actual prejudice. Accordingly, the convictions must be reversed and the matter remanded for a new trial. *People v. Chavez, supra; People v. Milton, supra.*

## II.

Since the issue may arise on remand, we address defendant's additional contention that the trial court erred in admitting into evidence a letter written by the defendant to the county court judge before trial. More specifically, the defendant asserts that his letter constituted an offer to plead nolo contendere and that its admission was precluded by CRE 410. We agree.

■ In April 1992, after the filing of the information, the defendant appeared *pro se* before the county court judge for an initial advisement and the matter was continued to May 27, 1992. On May 18, 1992, the defendant, who was then unrepresented by counsel, wrote a letter to the county court judge stating that he did not want to contest the charges against him, that he did not wish to remain free, and that he hoped the court would exercise mercy and send him to a minimum security facility. The trial court turned the letter over to the prosecutor who stated an intention to use the letter as evidence against the defendant in the prosecution's case.

The trial court initially granted the defendant's motion to suppress this letter although it refused to characterize it as a plea of no contest. Thereafter, the trial court reversed itself, *sua sponte,* and admitted the letter into evidence, characterizing it as a statement against interest by the defendant.

CRE 410 states that:

Except as otherwise provided by statutes of the State of Colorado, *evidence of* a plea of guilty, later withdrawn, or a plea of nolo contendere, or of *an offer to plead guilty or nolo contendere to the crime charged* or any other crime, or of statements made in any connection with any of the foregoing pleas or offers, *is not admissible in any civil or criminal action*, case, or proceeding against the person who made the plea or offer. This rule shall not apply to the introduction of voluntary and reliable statements made in court on the record in connection with any of the foregoing pleas or offers where offered for impeachment purposes or in a subsequent prosecution of the declarant for perjury or false statement. (emphasis added)

We conclude that defendant's *pro se* letter to the county court, while inartfully drafted, constitutes an offer to plead nolo contendere to the crime charged. Therefore, it should not have been admitted.

In so ruling, we reject the People's assertion that *People v. Rollins*, 759 P.2d 816 (Colo.App.1988) compels another result. Rollins made admissions to an FBI agent in Florida that he had committed a bank robbery in Fort Collins. He later argued that CRE 410 prohibited the admission of these statements at trial because they were made during an effort to plea-bargain other pending charges. A division of this court, in rejecting his argument, noted that: (1) before Rollins had made his statements to the FBI agent, he had been fully advised of his *Miranda* rights; (2) his statements were voluntary; (3) he had been advised that the FBI agent had no authority to enter into any binding agreement; (4) he had waived his right to counsel; and (5) the policy considerations surrounding CRE 410 "does not extend to discussion between a crime suspect and law enforcement agents concerning entirely different problems." *People v. Rollins, supra*, at 818. The court thus concluded that:

Defendant's decision to waive his right to counsel and make unilateral efforts to obtain leniency in a federal plea negotiation did not turn his discussion with the F.B.I. agent into a plea negotiation inadmissible in federal court, much less inadmissible in the courts of a state not a party to any negotiation. Thus, the court did not err in admitting into evidence defendant's statements made to the federal agent.

*People v. Rollins, supra*, at 819.

The facts here are distinguishable. First, at the time he wrote the letter, this defendant was not represented by counsel and had not waived his right to counsel. Further, he was not engaging in plea negotiations with any peace officer or prosecuting attorney. Rather, he was writing directly to the court, stating that he did "not wish to contest the charges," and asking the court to "send [him] to a minimum security facility...." *See* § 16–7–303, C.R.S. (1986 Repl.Vol. 8A) (defines plea negotiations as those conducted between the district attorney and defense counsel, or the defendant himself, if not represented by counsel).

Also, Rollins admitted committing the criminal offense, *i.e.*, the bank robbery. In contrast, here, the letter admitted against defendant contained no factual statements or admissions of any facts, and defendant's statements to the court were not made in court or on the record.

Here, as in *Russell v. State*, 614 So.2d 605, 609 (Fla.Dist.Ct.App.1993):

Other than the unfavorable inferences to be drawn from any defendant's indication that he would be willing to plead guilty to a charge, there was no admission of any fact or any other statement in the nature of an admission or confession which would tend to establish [defendant's] guilt of the crime charged.

*Cf. United States v. Barrington*, 806 F.2d 529, 533 (5th Cir.1986) (defendant's letter to trial judge asking for mercy and stating that she "was not trying to deny any involvement I had in this [crime]" held admissible as an admission; probative value not outweighed by danger of unfair prejudice under Fed. R.Evid. 403).

We therefore conclude that *Rollins* is not dispositive and that the plain language of CRE 410 prohibits the introduction of this evidence. *Compare United States v. Albano*, 414 F.Supp. 67 (S.D.N.Y.1976) (defendant's

letter to the court, after guilty plea had been accepted and entered, and before it was withdrawn, could not be used against him in a later proceeding) *with United States v. Robertson,* 582 F.2d 1356 (5th Cir.1978) (requests for leniency by defendants do not transform a statement to a peace officer into a plea negotiation).

*Cf. People v. Cole,* 195 Colo. 483, 584 P.2d 71 (1978) (voluntary and reliable statements made *in court on the record* in connection with pleas and offers may be used for impeachment purposes).

The judgment is reversed, and the cause is remanded for a new trial in accordance with the views expressed in this opinion.

STERNBERG, C.J., and PLANK, J., concur.