**Filed 8/20/96**

# UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

---

LAWRENCE P. HANDY,

      Petitioner - Appellant,

v.

RANDY HENDERSON, Warden;
ATTORNEY GENERAL FOR THE
STATE OF COLORADO,

      Respondents - Appellees.

No. 95-1542

D. Colorado

(D.C. No. 95-Z-489)

---

## ORDER AND JUDGMENT[*]

---

Before **ANDERSON**, **BARRETT**, and **MURPHY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34 (a); 10th Cir. R. 34.1.9. This cause is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Lawrence P. Handy, an inmate at the Centennial Correctional Facility in Cañon City, Colorado, appeals the district court's decision denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The district court found that Handy had failed to exhaust his state remedies and, alternatively, that he was barred from proceeding in federal habeas because he had defaulted his federal claims in state court. For the reasons set forth below, we grant a certificate of appealability and affirm. See 28 U.S.C. § 2253(c); Lennox v. Evans, 87 F.3d 431, 433-34 (10th Cir. 1996); Gallagher v. Hannigan, 24 F.3d 68, 68 (10th Cir. 1994) (certificate should be granted if "the issues raised are debatable among jurists, . . . a court could resolve the issues differently, or . . . the questions deserve further proceedings") (citing Barefoot v. Estelle, 463 U.S. 880 (1983)).

## PROCEDURAL HISTORY

The record somewhat obliquely reveals the following procedural history. In 1987, a Colorado state jury convicted Handy of first degree sexual assault and adjudged him an habitual offender under Colorado law, resulting in a life sentence. See Colo. Stat. Ann. §§ 16-13-101(2), -103(4) (amended 1987, 1993, 1994). Handy appealed, arguing the trial court erred in denying his motion to suppress under Miranda v. Arizona, 384 U.S. 436 (1966), and in denying his motion to dismiss the habitual offender counts because of allegedly unconstitutional underlying convictions. The Colorado Court of Appeals

affirmed.  See Resp. to Order to Show Cause, Doc. No. 13, Ex. 1 ("ROSC").  The

Colorado Supreme Court denied Handy's petition for certiorari on his prior convictions

claim.  ROSC at 2, 10.

Handy filed three motions for post-conviction relief in state court pursuant to Rule

35(c) of the Colorado Rules of Criminal Procedure, raising both of the claims he raised

on direct review and arguing for the first time that he was denied effective assistance of

counsel at trial.  See ROSC at 2-3; Pet. for Writ of Habeas Corpus, Doc. No. 3, at 8-9

("Pet.").  The state court rejected each of these arguments.[1]  Handy appealed the

ineffective assistance claim, and the court of appeals affirmed.  See ROSC Ex. 2.  He did

not seek certiorari in the Colorado Supreme Court.  See Appellant's Br., App. B.

In 1994, Handy filed a petition for a writ of habeas corpus in federal district court,

arguing his Miranda claim, attacking the prior convictions underlying his habitual

offender verdict, and complaining of ineffective assistance of counsel.  The court

dismissed the petition, finding it contained claims that had not been exhausted in state

court.  See ROSC Ex. 3 at 4, 6.

---

[1]Handy's initial attempt to obtain post-conviction relief coincided with his attempt to obtain direct review of his criminal judgment.  Until the state appellate courts denied his claims on direct review in 1991, Handy sought relief both by Colo. R. Crim. P. 35(c) motion and by supplemental briefs on direct review.  See Objections to Recommendation of U.S. Magistrate Judge, Doc. No. 21, at 2; ROSC Ex. 1.  Following the Colorado Supreme Court's denial of his petition for certiorari on direct review, Handy resorted exclusively to the state's post-conviction process.

Handy returned to state court, this time filing a "Request to Petition for Writ of Certiorari Out of Time" in the Colorado Supreme Court. He sought review of the Colorado Court of Appeals' decisions from both his direct criminal appeal and his post-conviction proceedings, on each of the claims submitted in his federal habeas petition. The Colorado Supreme Court denied the Request in a one-page order. See id. Ex. 4.

In 1995, Handy filed a new habeas petition in federal district court, raising the same three federal claims. Upon recommendation of the magistrate judge, the district court rejected the petition. The court held that Handy had failed to exhaust his state remedies, reasoning that Handy could still file a Colo. R. Crim. P. 35(c) motion out of time upon a showing of good cause under People v. Wiedemer, 852 P.2d 424, 441-42 (Colo. 1993). The court further held that even if Handy had exhausted his state remedies, he had defaulted his federal claims under Coleman v. Thompson, 501 U.S. 722, 750 (1991), because the Colorado Supreme Court relied on an independent and adequate state procedural ground to deny Handy relief. This appeal ensued.

## DISCUSSION

Our review of the district court's order centers on three issues, each of which we discuss below. First, we consider whether Handy has exhausted his state remedies. If he has, we must next determine whether any of his claims are procedurally barred in federal court. Finally, we examine the legal merits of any claims not barred. Our review in each

instance is de novo, <u>Ballinger v. Kerby</u>, 3 F.3d 1371, 1374 (10th Cir. 1993), and we may affirm the district court's order on any ground supported by the record. <u>Griess v. Colorado</u>, 841 F.2d 1042, 1047 (10th Cir. 1988) (per curiam).

A.      <u>EXHAUSTION OF STATE REMEDIES</u>

We first consider whether Handy has exhausted his state court remedies. <u>See</u> 28 U.S.C. § 2254(b), (c). "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack. The exhaustion requirement is satisfied if the highest court exercises discretion not to review the case." <u>Dever v. Kansas State Penitentiary</u>, 36 F.3d 1531, 1534 (10th Cir. 1994) (citation omitted). We consider each claim in light of these principles.

1.      <u>Miranda Violation</u>.

Handy raised his <u>Miranda</u> claim during his state criminal proceedings and on direct review in the court of appeals. He did not timely petition for certiorari. However, he subsequently sought to file a petition for certiorari out of time in the state supreme court, attaching a petition that contained his <u>Miranda</u> claim and explaining why he did not file earlier. <u>See</u> Mem. Br. Supp. Pet., Ex. G at I-ii, 1. The Colorado Supreme Court may enlarge the time for filing a certiorari petition upon a showing of good cause, <u>see</u> Colo.

App. R. 26(b) & 52(b), and therefore had a fair opportunity to consider this argument. See Picard v. Connor, 404 U.S. 270, 275-78 (1971). Handy has exhausted his Miranda claim.[2]

2.      Habitual Offender Verdict.

On direct state court review, Handy attacked the convictions underlying his habitual offender verdict as unconstitutional. He has exhausted this claim. See Brown v. Allen, 344 U.S. 443, 447 (1953) (petitioner need not seek state collateral review if claim exhausted on direct review); see also Fay v. Noia, 372 U.S. 391, 435-36 (1963) (state exhaustion does not require seeking certiorari from United States Supreme Court), overruled on other grounds by Coleman, 501 U.S. at 750. The district court apparently agreed with the government's contention below that this claim includes certain unexhausted arguments. See ROSC at 14, 16. Handy has admittedly varied somewhat in his individual arguments. Nevertheless, the "'ultimate question for disposition'" -- the validity of the convictions underlying Handy's habitual offender judgment -- remains the same, "despite variations in the legal theory or factual allegations urged in its support." Picard, 404 U.S. at 277 (quoting United States ex rel. Kemp v. Pate, 359 F.2d 749, 751 (7th Cir. 1966)). As such, the "substance" of the claim has been exhausted. Id. at 278;

---

[2]The fact that Handy fairly presented this claim to the highest state court for exhaustion purposes does not mean he timely did so for procedural default purposes, however -- a fact we note infra in holding this claim procedurally barred.

<u>cf.</u> ROSC at 10 (noting that Handy timely sought certiorari in the state supreme court "with regard to the issue of his habitual criminal convictions"). <u>Compare</u> <u>People v. Handy</u>, No. 87CA0544, slip op., ROSC Ex. 1 at 2-6 (Colo. Ct. App. Feb. 7, 1991) (discussing Handy's constitutional attack on convictions underlying his habitual offender judgment), <u>cert. denied</u>, No. 91SC282 (Colo. Oct. 7, 1991) <u>with</u> Pet. at 8 ("The trial court used constitutionally infirm prior convictions to obtain habitual criminal convictions.").

       3.     <u>Ineffective Assistance of Counsel</u>.

Handy presented this claim for the first time in a post-conviction motion. <u>See</u> ROSC at 2. He appealed the denial of the claim to the state court of appeals. <u>See id.</u> Ex. 2, at 1. He subsequently sought to file a petition for certiorari out of time in the state supreme court, attaching a petition that contained his ineffective assistance claim and explaining why he did not file earlier. <u>See</u> Mem. Br. Supp. Pet., Ex. G at I-ii, 1. As with his <u>Miranda</u> argument, Handy has exhausted this claim.[3]

The district court concluded that Handy had not exhausted his state remedies because he could potentially file another state post-conviction motion, citing <u>People v. Wiedemer</u>, 852 P.2d 424 (Colo. 1993). We disagree. Handy's case does not fall within the facts of <u>Wiedemer</u>. <u>See id.</u> at 441-42 (discussing factors allowing late 35(c) motions). Handy has already filed three state post-conviction motions, raising each of his federal

---

[3]<u>See</u> <u>supra</u> note 2.

claims.  Were he to file a fourth based on the same circumstances, his motion would be dismissed under Colorado law.  See Turman v. Buckallew, 784 P.2d 774, 780 (Colo. 1990) (en banc) (successive post-conviction motions should be dismissed absent showing of special circumstances).  Nothing in the record suggests Handy could show "good cause," "justifiable excuse," "excusable neglect," or "special circumstances" that would allow him to initiate further state proceedings.  See Colo. App. R. 26(b); Colo. Stat. Ann. § 16-5-402(2)(d); Wiedemer, 852 P.2d at 441-42; Turman, 784 P.2d at 780.

"We do not believe Congress intended to require repetitious applications to state courts," Brown, 344 U.S. at 449 n.3, nor will we play "judicial ping-pong" with the state courts.  Cf. Steele v. Young, 11 F.3d 1518, 1524 (10th Cir. 1993).  The "mere possibility of a successful application to the state courts" is insufficient to bar federal proceedings. Roberts v. LaVallee, 389 U.S. 40, 42-43 (1967) (per curiam).  In this case, Handy has no available unexhausted avenue of state procedure that would allow him to further present his federal claims.  Cf. 28 U.S.C. § 2254(b)(1)(B)(I) (federal habeas appropriate in "absence of State corrective process").  Therefore, his petition is properly before this court.

B.    PROCEDURAL DEFAULT

Next we consider the district court's conclusion that Handy defaulted on his federal claims in state court and that he therefore may not raise them in federal court.  We

agree that Handy may not proceed in federal habeas on his <u>Miranda</u> or ineffective assistance claims. Handy failed to timely appeal either of these claims to the state's highest court. <u>Cf.</u> <u>Coleman</u>, 501 U.S. at 727 (petitioner barred in federal habeas after failing to timely appeal to state's highest court). When he sought to do so out of time -- exhausting his remedies on these claims in the process -- the Colorado Supreme Court declined to entertain his request without relying on federal law. <u>Cf. id.</u> at 728-29 (state court dismissed petitioner's late appeal as untimely). As such, the court denied relief on these two claims under an independent and adequate state procedural ruling that restricts our ability to consider them. <u>See id.</u> at 729.[4] Furthermore, Handy has failed to show either cause and prejudice or manifest injustice to allow us to address these claims in federal court. <u>See</u> <u>Murray v. Carrier</u>, 477 U.S. 478, 488-89 (1986) ("cause" requires

---

[4]Handy has not shown that the denial of his request to file a late certiorari petition was intertwined with the merits of the federal claims in his attached petition or couched as an alternative holding. For this reason, we must reject Handy's argument that the state supreme court failed to "clearly and expressly" base its denial of Handy's request on state grounds. <u>See</u> <u>Coleman</u>, 501 U.S. at 735 (requiring clear statement only if decision "'fairly appears to rest primarily on federal law, or to be interwoven with the federal law'") (quoting <u>Michigan v. Long</u>, 463 U.S. 1032, 1040-41 (1983)). The supreme court's order denies the <u>request</u> to file a late petition, rather than the petition itself, thereby clearly and expressly resting solely on state procedural grounds in any event. <u>See</u> Order of Colo. S. Ct. dated Feb. 3, 1995, ROSC Ex. 4 ("Upon consideration of the . . . Request to Petition for Writ of Certiorari Out of Time . . ., IT IS THIS DAY ORDERED . . . that said Request to Petition for Writ of Certiorari Out of Time shall be, and the same hereby is, DENIED."); <u>cf.</u> <u>Coleman</u>, 501 U.S. at 728 (state supreme court order stating "motion to dismiss [appeal] is granted and the petition for appeal is dismissed" rested solely on state procedural grounds). <u>See generally</u> Colo. App. R. 26(b) (Colorado Supreme Court may enlarge time for filing only upon showing of "good cause").

showing of external objective factor impeding counsel's efforts to comply with state procedural rule); id. at 495-96 (noting exception "where a constitutional violation has probably resulted in the conviction of one who is actually innocent").

However, Handy did attack the convictions underlying his habitual offender judgment at each level on direct review. Those issues raised in connection with that attack which were decided on independent and adequate state grounds are procedurally barred in federal court. See Coleman, 501 U.S. at 750. In contrast, those decided on their federal merits are not barred, despite the fact that Handy may have resubmitted them to the state's highest court in connection with his Request to Petition for Writ of Certiorari Out of Time. See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991) (where state court has rejected federal claim on the merits, later formulary state court orders leaving judgment in place are presumed to rest upon the same ground). We turn, then, to Handy's attack on his underlying convictions, identifying those issues that are procedurally barred and disposing of the remaining arguments on the merits. See Griess, 841 F.2d at 1047.

C.    PRIOR CONVICTIONS

1.    Handy's 1977 Burglary Conviction.

Handy argues that counsel was ineffective during the proceedings leading to his 1977 conviction for second degree burglary and in failing to file an appeal therefrom. See Mem. Br. Supp. Pet. at 15-18. The state courts held on direct review, inter alia, that

"a transcript of the 1977 trial proceedings has not been made part of the record," resulting in a presumption of regularity in the proceedings under state law. Handy, No. 87CA0544, slip op., ROSC Ex. 1 at 4 (citing People v. Rollins, 759 P.2d 816 (Colo. Ct. App. 1988), cert. denied, (Colo. Aug. 22, 1988)). The courts also held that the "appropriate remedy" for the failure to appeal would be to "seek redress either by a Crim. P. 35(c) proceeding or to seek leave for an appeal out of time." Id. (citing Weason v. Colorado Court of Appeals, 731 P.2d 736 (Colo. 1987); Estep v. People, 753 P.2d 1241 (Colo. 1988)). The state courts later rejected Handy's attempt to appeal out of time. See Appellant's Br., App. A; Mem. Br. Supp. Pet., Exs. E, G at 1 (denying motion for leave to appeal out of time, dismissing appeal as "untimely," and denying request to petition for certiorari out of time).[5] Handy's attack on counsel's assistance during and after the proceedings is barred because the state courts clearly and expressly relied on independent and adequate state procedural grounds.[6]

---

[5]The courts also denied Handy's subsequent 35(c) motion, a fact the record refers to but does not elucidate. See Mem. Br. Supp. Pet. at 16; ROSC at 12-13.

[6]Handy's federal petition also mentions, but does not argue, that he attacked his 1977 conviction in state court on the ground that he was denied the right to testify in violation of the Fourteenth Amendment. See Mem. Br. Supp. Pet. at 15. An issue mentioned in a supporting brief, but not argued, is waived. See Abercrombie v. City of Catoosa, 896 F.2d 1228, 1231 (10th Cir. 1990). At any rate, Handy admits that he did testify at that trial, obviating any constitutional issue on that ground. See Mem. Br. Supp. Pet. at 15.

2.      Handy's 1980 Aggravated Robbery Conviction.

Handy next contends that counsel was ineffective during the proceedings leading to his 1980 conviction for aggravated robbery. See Mem. Br. Supp. Pet. at 18-20. Handy argues first that he was improperly impeached at trial by his 1977 conviction. The state appellate court ignored this argument because it had already upheld the validity of the 1977 conviction, a ruling resting independently on state grounds, which we may not disturb. Because the conviction was valid, Handy was not improperly impeached.

Handy also contends that counsel improperly impeached him with a 1970 conviction, which the state trial court dismissed from his habitual offender trial as unconstitutionally obtained. See id. The state court of appeals held that "any error in the use of the 1970 conviction was harmless beyond a reasonable doubt" because "there was substantial evidence in the record" of Handy's guilt on the aggravated robbery charge. ROSC Ex. 1 at 5. The court reached this conclusion after a "careful reading of the 1980 trial transcript." Id. Handy has failed to include a transcript of the 1980 trial in the record before us. Consequently, he cannot show prejudice resulting from his counsel's performance during that trial. See Strickland v. Washington, 466 U.S. 668, 694, 697 (1984); cf. Parke v. Raley, 506 U.S. 20 (1992) (burden of proving invalidity of prior

-12-

convictions properly rested with criminal defendant, who failed to meet burden when no

transcript submitted).[7]


        3.      Handy's 1984 Burglary Guilty Plea.

Lastly, Handy claims his 1984 plea of guilty to second degree burglary was

unconstitutionally obtained because (1) the trial court incorrectly advised him of the

requisite mental state of the crime; (2) the prosecution coerced his plea by threatening to

charge him as an habitual criminal; and (3) counsel was ineffective for failing to

investigate and advise him regarding his prior convictions. See Mem. Br. Supp. Pet. at

20-27.

The state courts disposed of Handy's first argument under People v. Trujillo, 749

P.2d 441 (Colo. Ct. App. 1987). See ROSC Ex. 1 at 6. Trujillo identifies the proper

mental state for second degree burglary under Colorado state law. Because the state

courts rejected Handy's advisement argument on an independent and adequate state

ground, we may not consider it.

---

[7]As a result, Handy's related argument that counsel was ineffective because he failed to prepare for trial, failed to challenge inconsistencies in the evidence, and failed to object to prosecutorial misconduct during closing arguments likewise fails on the merits. See also People v. Handy, 657 P.2d 963, 967 (Colo. Ct. App. 1982) (holding challenged remarks did not amount to prosecutorial misconduct under state law), cert denied, (Colo. Dec. 13, 1982); Lennox, 87 F.3d at 434 ("[A] federal habeas court does not review a state conviction for legal error in a broad sense, but only for federal constitutional error.").

Handy's argument that the prosecution coerced his plea must fail on the merits. His mere allegation is insufficient to overcome the presumption of regularity attached to his guilty plea. See Johnson v. Zerbst, 304 U.S. 458, 468-69 (1938). Moreover, a prosecutor's threat to add habitual criminal charges if an accused does not plead guilty to a charged offense does not violate the Constitution. Bordenkircher v. Hayes, 434 U.S. 357 (1978).

Finally, Handy cannot show that counsel was ineffective for failing to investigate and advise him regarding his prior convictions. Handy argues that those convictions influenced his decision to plead guilty rather than face possible habitual criminal charges and impeachment at trial. Our discussion thus far establishes no constitutional error in his 1977 or 1980 convictions that would support this argument. In light of those two felony convictions, any failure on the part of counsel to investigate and advise on the validity of the 1970 conviction for impeachment purposes raises no constitutional issue. Moreover, even if Handy had successfully challenged his 1970 conviction, the record conclusively establishes that sufficient evidence existed to convict him of the 1984 burglary charge regardless of whether he testified and regardless of whether he were impeached by the prior convictions. See Mem. Br. Supp. Pet. Ex. F at 29-30 (Handy admitting that sufficient evidence existed to convict him if he testified without impeachment by his prior convictions). Thus, Handy cannot show "a reasonable probability that . . . the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

For these reasons, we AFFIRM the district court's order denying the petition for a writ of habeas corpus.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge